FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 13, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ISAAC ARNULFO ACEDO PERALTA,<br><br>Plaintiff,<br><br>v.<br><br>QUALITY ENTERPRISES LLC, d.b.a., QUALITY CLEANING, a Washington Limited Liability Company,<br><br>Defendant. | No. 4:24-CV-05048-ACE<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>**ECF Nos. 10, 11, 13** |

**BEFORE THE COURT** is Defendant's June 21, 2024 Motion to Dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). ECF No. 10. Plaintiff has also filed a motion requesting "the rebellion be left in effect" and that he be given the opportunity to present the case before the Court, ECF No. 11, a motion "demonstrating the defendant reprisals," ECF No. 13, an opposition to Defendant's motion to dismiss, ECF No. 14, and a "First Amendment Complaint," ECF No. 17, with accompanying "Amended and Supplemental Pleadings," ECF No. 18. Plaintiff has also submitted an *ex parte* document asking that the Court not dismiss the lawsuit. ECF No. 12. Defendant has filed a reply to the motion to dismiss, ECF No. 15, and an opposition to Plaintiff's motion "that the rebellion be left in effect" ECF No. 16. Defendant is represented by Samantha L. Jetton; Plaintiff appears *pro se*. Defendant's motion to dismiss was noted for hearing, without oral argument, on August 12, 2024.

ORDER - 1

# DISCUSSION

A. **Motion to Dismiss for Insufficient Service of Process - - Defendant Quality Enterprises LLC, doing business as, Quality Cleaning**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) concerns the service of the summons and complaint. "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Mississippi Publ'g Corp. v. Murphree*, 326 U.S. 438, 444-445 (1946) ("[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served."). Rule 12(b)(5) authorizes dismissal based on insufficient service of process.

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served [with the summons and complaint] in accordance with Fed. R. Civ. P. 4." *Crowley v. Bannister*, 734 F.3d 967, 974-975 (9th Cir. 2013) (citation and internal quotation marks omitted); *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009). Rule 4(c) requires that a "summons must be served with a copy of the complaint" and that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). "'Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint.'" *Whidbee v. Pierce Cnty.*, 857 F.3d 1019, 1023 (9th Cir. 2017) (citation omitted). "Nonetheless, without substantial compliance with Rule 4 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.'" *Direct Mail Specialists, Inc. v. Eclat Computerized Tech.*, 840 F.2d 685, 688 (9th Cir. 1988) (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986),

amended by, 807 F.2d 1514 (9th Cir.), cert. denied, 484 U.S. 870 (1987)). "Once service is challenged, [P]laintiff[ ] bear[s] the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

In order to properly serve an unincorporated association, a plaintiff must deliver a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," Fed. R. Civ. P. 4(h)(1)(B), and, pursuant to Fed. R. Civ. P. 4(m), a plaintiff must effectuate service within 90 days after the complaint is filed.

Plaintiff filed his complaint in this action on May 3, 2024. ECF No. 1. Joel Jimenez, a senior manager at Quality Cleaning, was served by a sheriff at his personal residence on May 7, 2024. *See* ECF No. 10-1 ¶¶ 1-3. However, the only document served on Mr. Jimenez was the summons. ECF No. 10-1 ¶ 3; ECF No. 8. Because a copy of the complaint was not served upon Mr. Jimenez, service was improper, *see* Fed. R. Civ. P. 4(h)(1)(B), and, given that more than 90 days have elapsed since Plaintiff filed his complaint, Plaintiff has failed to effectuate service upon Quality Cleaning within the time allowed by Rule 4(m).[1]  Therefore, Defendants' motion to dismiss for insufficient service of process (Fed. R. Civ. P. 12(b)(5)) shall be granted and Plaintiff's complaint shall be dismissed, without prejudice, as to Defendant Quality Cleaning.

### B. Motion to Dismiss for Failure to State a Claim - - Joel Jimenez, Atilano Sinthia, Gabriel Gutierrez, and Ryan Cook

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) concerns the failure to state a claim upon which relief can be granted. To survive a

---

[1] Plaintiff has filed no specific response or otherwise challenged Defendant's motion to dismiss for insufficient service of process. *See* LCivR 7.1(e) (the failure to properly respond to a motion may be deemed consent to the entry of an order adverse to the party).

ORDER - 3

Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.*  Plaintiff is obligated to provide grounds for his entitlement to relief that amount to more than labels and conclusions or a formulaic recitation of the elements of a cause of action.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  The Court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matter properly subject to judicial notice" when ruling on a motion to dismiss.  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030-1031 (9th Cir. 2008) (internal quotation and citation omitted).

If the Court dismisses the complaint, or portions thereof, it must consider whether to grant leave to amend.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  "A district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (internal citations and quotation omitted).  Leave to amend is not appropriate, even given the liberal pleading standard for *pro se* litigants, when "the pleading 'could not possibly be cured by the allegation of other facts.'"  *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (internal quotation omitted).

Although not named as defendants in the caption of the complaint, Joel Jimenez and Sinthia Atilano are described as defendants in the body of the complaint and named in the summons.  *See* ECF Nos. 1 & 3.  Gabriel Gutierrez is neither named in the caption of the complaint nor described as a defendant in the body of the complaint but is listed as a defendant in the summons.  *Id.*  Plaintiff's recent filings name Gabriel Gutierrez and Ryan Cook, CEO of Quality Cleaning, as defendants.  *See* ECF Nos. 17-18.  In any event, the Ninth Circuit has held that

ORDER - 4

there is no individual liability under Title VII of the Civil Rights Act of 1964. *Miller v. Maxwell's International Inc.*, 991 F.2d 583, 587-588 (9th Cir. 1993) ("[T]his court's ruling in *Padway* [*v. Palches*, 665 F.2d 965 (9th Cir. 1982)] that individual defendants cannot be held liable for damages under Title VII is good law."); *Holly D. v. Cal. Inst. of Tech.*, 339 F.3d 1158, 1179 (9th Cir. 2003) ("[W]e have consistently held that Title VII does not provide a cause of action for damages against supervisors or fellow employees."). Furthermore, Plaintiff's complaint fails to contain a facially plausible claim for relief with respect to each named individual defendant. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Consequently, Defendants' motion to dismiss for failure to state a claim (Fed. R. Civ. P. 12(b)(6)) shall be granted as to Joel Jimenz, Sinthia Atilano, Gabriel Gutierrez, and Ryan Cook.

The Court must consider whether to grant the *pro se* Plaintiff leave to amend a deficient complaint. *See Ramirez*, 334 F.3d at 861. To the extent Plaintiff has already attempted to amend the complaint with the filing of his "First Amendment Complaint," ECF No. 17, the only noted changes in the new pleading are the addition of Gabriel Gutierrez and Ryan Cook as named defendants. Because Title VII does not provide a cause of action for damages against supervisors or coworkers, the complaint cannot be cured by amendment with respect to Joel Jimenz, Sinthia Atilano, Gabriel Gutierrez, and Ryan Cook.[2] Accordingly, leave to amend is not appropriate in this case.

///

///

---

[2]Plaintiff's opposition to Defendant's motion to dismiss and "Amended and Supplemental Pleadings" further demonstrates that Joel Jimenz, Sinthia Atilano, Gabriel Gutierrez, and Ryan Cook are supervisors for Quality Cleaning. *See* ECF Nos. 14 & 18.

ORDER - 5

### C. Motion Requesting that the Rebellion Be Left in Effect

Plaintiff's "Motion Requesting that the Rebellion Be Left in Effect" appears to suggest that since Defendant's response to Plaintiff's complaint was untimely, the Court should enter a default judgment against Defendant. ECF No. 11.

As discussed in Section A above, service was insufficient in this case. Consequently, the 21-day period to answer Plaintiff's complaint has never been triggered. Entry of default judgment against Defendant is not warranted.

### CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss, **ECF No. 10**, is **GRANTED**.

2. Plaintiff's Motion Requesting that the Rebellion Be Left in Effect, **ECF No. 11**, is **DENIED**.

3. Plaintiffs' Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE** with respect to Quality Enterprises LLC, doing business as, Quality Cleaning and **DISMISSED WITH PREJUDICE** with respect to Joel Jimenz, Sinthia Atilano, Gabriel Gutierrez, and Ryan Cook.

4. Defendant's Motion Demonstrating the Defendant Reprisals, **ECF No. 13**, is **DENIED AS MOOT**.

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order, provide a copy to Plaintiff and counsel for Defendant, and **CLOSE THE FILE**.

DATED August 13, 2024.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 6